NOT FOR PUBLICATION (Doc. No. 8)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

|  |  |
|---|---|
| Nishon Latia LAWTON, | Civil No. 15–8526 (RBK/JS) |
| Plaintiff, | **OPINION** |
| v. |  |
| NEW JERSEY DEPARTMENT OF COMMUNITY AFFAIRS, et al., |  |
| Defendants. |  |

**KUGLER**, United States District Judge:

Pro se Plaintiff Nishon Latia Lawton, also known as Nishon Latia Lawton Bey, brings suit against the New Jersey Department of Community Affairs, Elena Gaines, Frank Losey, Carol Quinette, Tracy McGovern-Smith, and Yahoo! Inc. ("Yahoo"). This action comes before the Court on Yahoo's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons expressed below, Yahoo's Motion (Doc. No. 8) is **GRANTED**. Any claim against Yahoo is **DISMISSED**.

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to

"state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The only mention of Yahoo in Plaintiff's Complaint is a listing in the caption with the word "supeona [sic]" next to it. *See* Compl. at 1 (Doc. No. 1). Yahoo is not listed in the first page of Plaintiff's Complaint in the "Defendants" section, *id.* at 2, and Plaintiff's Complaint does not make a single factual allegation against Yahoo. *See generally id.* The Court agrees with Yahoo that "as opposed to naming Yahoo as a defendant, it may be the case that Plaintiff actually intended to subpoena Yahoo, an email service provider, for records in support of one of her causes of action." *See* Yahoo's Mot. at 1 (Doc. No. 8–1).[1]

Plaintiff fails to allege any facts at all against Yahoo, let alone facts sufficient to state a claim against Yahoo. As such, Yahoo's Motion to Dismiss (Doc. No. 8) is **GRANTED** and any claim against Yahoo is **DISMISSED**.

Dated: 08/09/2016                                                                 s/ Robert B. Kugler

                                                                                               ROBERT B. KUGLER

                                                                                               United States District Judge

---

[1] If Plaintiff intended to subpoena Yahoo, she should review and comply with Federal Rule of Civil Procedure 45, which sets out the proper form and contents for a subpoena, as well as the requirements for service. *See* Fed. R. Civ. P. 45(a)–(b).

2