NOT FOR PUBLICATION (Doc. No. 11)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| NISHON LATIA LAWTON, | : |
| Plaintiff, | : Civil No. 15-8526 (RBK/JS) |
| v. | : **OPINION** |
| NEW JERSEY DEPARTMENT OF COMMUNITY AFFAIRS, et al., | : |
| Defendant(s). | : |

**KUGLER**, United States District Judge:

This matter comes before the Court on Plaintiff Nishon Latia Lawton's ("Plaintiff") Complaint against the New Jersey Department of Community Affairs ("DCA") and New Jersey state employees Elena Gaines, Francis Losey, Karen Quinnette, and Tracy McGovern-Smith ("State Employee Defendants") (collectively, "Defendants"), asserting claims under 42 U.S.C. § 1983, 18 U.S.C. § 241, 18 U.S.C. § 242, 42 U.S.C. § 3631, 18 U.S.C. § 2701, and N.J.S.A. 2A:18–56. Currently before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (Doc. No. 11). For the reasons expressed below, Defendant's Motion to Dismiss is **GRANTED** and Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

**I.    BACKGROUND**

Plaintiff was a New Jersey Section 8 Housing Choice Voucher recipient and resided at 2030 Country House Road, Deptford, New Jersey. Compl. at 3. Plaintiff allegedly stopped making rent payments because the landlord refused to make repairs and was evicted pursuant to

1

a same-day eviction filed on September 10, 2012. *Id.* Plaintiff claims she did not receive a notice to quit prior to the eviction. *Id.* Plaintiff then emailed state employee Francis Losey to request a hearing to contest the eviction. *Id.* at 4. Losey informed her she was not guaranteed a hearing or reinstatement of her voucher and directed her to speak with Elena Gaines, another employee of the state. *Id.* Plaintiff claims these emails were deleted during a hack. *Id.* In November 2012, Plaintiff sent Gaines a fax requesting a hearing, but never heard back. *Id.*

As a result of the eviction, Plaintiff claims that suffered emotional distress and loss of her home, household items, furniture, and keepsakes. *Id.* She seeks to recover monetary damages. *Id.* On December 9, 2015, Plaintiff filed a Complaint that appears to allege violations of 18 U.S.C. § 241, 18 U.S.C. § 242, 42 U.S.C. § 3631, 18 U.S.C. § 2701, and N.J.S.A. 2A:18–56, and accuses Defendants of discriminating against her based on race. *Id.* at 2–4. On February 18, 2016, Defendants brought the present Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (Doc. No. 11).

**II.     LEGAL STANDARD**

A motion to dismiss based on state sovereign immunity is appropriate under Federal Rules of Civil Procedure 12(b)(1) or 12(b)(6). *See Carter v. City of Phila.*, 181 F.3d 339, 343 (3d Cir. 1999) (considering immunity under 12(b)(6)); *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n.2 (3d Cir. 1996) (considering immunity under 12(b)(1)). Where a defendant moves to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, the plaintiff generally bears the burden of proving by a preponderance of the evidence that the Court has subject matter jurisdiction. *See Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000). A challenge to the court's subject matter jurisdiction may be "facial" or "factual." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d. Cir. 1977). Motions that do not challenge

the truth of the plaintiff's allegations are facial challenges. *Cardio-Med. Assocs. v. Crozer-Chester Med. Ctr.*, 721 F.2d 68, 75 (3d Cir. 1983). In reviewing a facial challenge, this Court must dismiss Plaintiff's claims if "the allegations on the face of the complaint, taken as true, [do not] allege facts sufficient to invoke [its] jurisdiction." *Licata v. U.S. Postal Serv.*, 33 F.3d 259, 260 (3d Cir. 1994).

When evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). A complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## III.   DISCUSSION

### A.   Sovereign Immunity

*1. Defendant DCA*

Defendants argue that Plaintiff's claims are barred by the Eleventh Amendment. Every state is a "sovereign entity in [the] federal system." *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996). Because of their sovereignty, states are immune from suit. *Alden v. Maine*, 527 U.S. 706, 713 (1999). These principles are embodied in, but not limited by, the Eleventh Amendment of the United States Constitution. *Id.* at 712–13. State sovereign immunity is "a jurisdictional bar which deprives federal courts of subject matter jurisdiction," *Blanciak*, 77 F.3d at 693 n.2, and an affirmative defense, *Carter*, 181 F.3d at 347. The court must therefore grant a state's motion to dismiss if the state enjoys immunity from plaintiff's claims.

Sovereign immunity extends to any state agency that qualifies as an "arm of the state." *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429–30 (1997). To determine whether sovereign immunity applies, courts consider three factors: "(1) whether the money to pay for the judgment would come from the state; (2) the status of the agency under state law; and (3) what degree of autonomy the agency has." *Estate of Lagano v. Bergen Cnty. Prosecutor's Office*, 769 F.3d 850, 857 (3d Cir. 2014). The Third Circuit has found that the DCA is "a principal department 'established in the Executive Branch of the State Government'" and thus qualifies for sovereign immunity. *Rhett v. Evans*, 576 F. App'x 85, 88 (3d Cir. 2014) (quoting N.J.S.A. § 52:27D–1). Therefore, this Court must dismiss Plaintiff's suit against the DCA unless Plaintiff can demonstrate an exception to state sovereign immunity.

There are two exceptions to state sovereign immunity. First, an individual can sue a state if Congress has "unequivocally expresse[d] its intent to abrogate the [state's] immunity," and Congress did so "pursuant to a valid exercise of [its Fourteenth Amendment] power." *Seminole Tribe*, 517 U.S. at 55 (quoting *Green v. Mansour*, 474 U.S. 64, 68 (1985)). Second, an individual can sue a state if the state waives its sovereign immunity. *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999). To waive sovereign immunity, a state must unequivocally consent to suit, either by "voluntarily invok[ing] [federal] jurisdiction" or clearly declaring its intent "to submit itself to [federal] jurisdiction." *Id.* at 675–76.

Here, Plaintiff appears to bring a § 1983 claim against Defendants. Congress did not abrogate state sovereign immunity when it enacted § 1983, *Quern v. Jordan*, 440 U.S. 332, 345 (1979), and the state "has not waived its sovereign immunity with respect to § 1983 claims in federal court." *See Mierzwa v. United States*, 282 F. App'x 973, 976 (3d Cir. 2008)). Given that

Plaintiff has demonstrated neither exception to state sovereign immunity, Plaintiff's § 1983 claim against the DCA is dismissed.

*2. State Employee Defendants*

Defendants argue that the Eleventh Amendment also grants immunity to the state employees named in the Complaint. Absent consent by a state, the Eleventh Amendment bars federal court suits for money damages against state officers in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 169–70 (1985). This immunity extends to state agents or officials when the "action is in essence one for the recovery of money from the state." *Regents of the Univ. of Cal*, 519 U.S. at 431. Because "the state is the real, substantial party in interest [it] is entitled to sovereign immunity from suit even though individual officials are nominal defendants." *Id.* To determine whether a plaintiff has sued the defendants in their individual capacities, official capacities, or both, a court is to look at the complaint and "course of proceedings." *Graham*, 473 U.S. at 167 n.14. The Third Circuit, in deciding that a defendant was sued in her individual capacity, emphasized that the plaintiffs named only the state official, and not the state itself, as a defendant from whom they sought to recover damages. *Melo v. Hafer*, 912 F.2d 628, 636 (3d Cir. 1990). The *Melo* court also noted that the defendant raised the defense of qualified immunity, a defense only available to government officials sued in their individual capacities. *Id.* In addition, the Third Circuit has reasoned that a plaintiff's request for punitive damages, in addition to compensatory damages, indicates that the plaintiff intended to sue the defendants in their individual capacities. *Gregory v. Chehi*, 843 F.2d 111, 119–20 (3d Cir. 1988).

Applying these factors here, the Court finds that Plaintiff intended to sue State Employee Defendants in their official capacities. The Complaint seeks damages from both the DCA and

state officials. Compl. at 1. Although Defendants advance a qualified immunity argument, they raise it in the alternative. Def.'s Mot. Br. at 14–17. Furthermore, Plaintiff requests only compensatory damages, and not punitive damages. Thus, State Employee Defendants were sued in their individual capacities and enjoy immunity. For the same reasons as above, neither exception to sovereign immunity applies here. As a result, the Court dismisses Plaintiff's claims against Defendants Elena Gaines, Francis Losey, Karen Quinnette, and Tracy McGovern-Smith.

**B.     Failure to State a Claim**

Plaintiff seeks to bring claims under criminal statutes 18 U.S.C. § 241, 18 U.S.C. § 242, and 42 U.S.C. § 3631. These statutes do not contain a civil cause of action. *See Carpenter v. Ashby*, 351 F. App'x 684, 688 (3d Cir. 2009); *Gonzaga Univ. v. Doe*, 536 U.S. 273, 283–84 (2002) (holding that a statute does not create a private right of action where its terms grant no private rights). Accordingly, Plaintiff's claims under these criminal provisions are dismissed.

Plaintiff also alleges that Defendants violated 18 U.S.C. § 2701 of the Stored Communications Act. Section 2701 is a penal statute that creates no private right of action. Liability under the civil liability provision 18 U.S.C. § 2707 would likewise fail. Plaintiff pleads no facts supporting the allegation that her email was hacked or linking Defendants to the supposed hacking. Thus, the Court dismisses the claim under 18 U.S.C. § 2701.

**C.     Supplemental Jurisdiction**

Defendants also argue that this Court lacks subject matter jurisdiction over Plaintiff's state law claim under N.J.S.A. 2A:18–56. Plaintiff alleges subject matter jurisdiction on the basis that the action arises under the United States Constitution, laws, or treaties. Compl. at 2; 28 U.S.C. § 1331. "Supplemental jurisdiction allows federal courts to hear and decide state-law claims along with federal-law claims when they 'are so related to claims in the action within

such original jurisdiction that they form part of the same case or controversy.'" *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 387 (1998) (quoting 28 U.S.C. § 1367(a)). Where a district court has original jurisdiction over federal claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367(a), the district court has discretion to decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3); *Growth Horizons, Inc. v. Del. Cty., Pa.*, 983 F.2d 1277, 1284–85 (3d Cir. 1993). In this case, the Court is dismissing every claim over which it had original subject matter jurisdiction at an early stage in the litigation and therefore declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED**. Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

Dated:   9/16/2016                                                                    s/ Robert B. Kugler

ROBERT B. KUGLER

United States District Judge